E-FILED
Tuesday, 11 August, 2026 05:00:03 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| TAMMY MELLENTHIN,<br>As Administrator and Personal Representative of the Estate of JAMES F. MELLENTHIN, deceased<br><br>PLAINTIFF,<br><br>vs. | ) | No. 4:23-cv-04187-SLD-RLH |
| THE COUNTY OF MCDONOUGH, a local governmental entity, THE MCDONOUGH COUNTY SHERIFF'S OFFICE, and EVAN C. SCHMALSHOF, individually and in his official capacity as a deputy of the MCDONOUGH COUNTY SHERIFF'S OFFICE, and NICHOLAS B. RUGGIO, individually and in his official capacity as a deputy of the MCDONOUGH COUNTY SHERIFF'S OFFICE,<br><br>DEFENDANTS. | ) | Hon. Judge Sara Darrow<br><br>Hon. Magistrate Ronald L. Hanna |

**PLAINTIFF'S AGREED MOTION FOR
APPROVAL OF SETTLEMENT, ALLOCATION, AND DISTRIBUTION OF NET PROCEEDS**

NOW COMES the Plaintiff Tammy Mellenthin, as administrator and personal representative of the Estate of James F. Mellenthin by and through her attorneys Spesia & Taylor, and for Plaintiff's Agreed Motion for Approval of Settlement, Allocation, and Distribution of Net Proceeds, states as follows:

**BACKGROUND**

1. This action has been brought by Plaintiff Tammy Mellenthin, as Administrator and Personal Representative of the Estate of James F. Mellenthin, deceased ("Plaintiff"), against Defendants The County of McDonough, The McDonough County Sheriff's Office, Evan C.

Schmalshof, and Nicholas B. Ruggio (collectively, "Defendants"), and makes certain allegations regarding the January 27, 2023 death of James F. Mellenthin, which allegations are contained (and more specifically detailed) in Plaintiff's operative Complaint. (*See generally*, Dkt. 34, Second Amended Complaint.)

2. At the time of James F. Mellenthin's death on January 27, 2023, he was 35 years old.

3. James F. Mellenthin died intestate, and on June 7, 2023, an Order was entered by the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("State Court"), Case No. 23 PR 000228 (hereinafter the "Probate Matter") appointing Tammy Mellenthin, the mother of James F. Mellenthin, as the administrator and personal representative of the Estate of James F. Mellenthin. *See* Exhibit A.

4. At the time of his death, James F. Mellenthin was not married. *See* Exhibit B.

5. According to the Affidavit of Heirship filed in the Probate Matter, James F. Mellenthin is the biological father of three children (hereinafter referred collectively as the "Minor Children") (Exhibit B):

| Name | Relationship | Resides | Current Age |
|---|---|---|---|
| H. Mellenthin | Minor Son | Madison County, Illinois | 15 |
| K. Mellenthin | Minor Daughter | Madison County, Illinois | 13 |
| J. Mellenthin | Minor Daughter | Madison County, Illinois | 10 |

6. For purposes of inheritance the State Court has declared that the Minor Children are the only heirs of James F. Mellenthin. *See* Exhibit C.

7. On October 26, 2023, Plaintiff filed her original Complaint, alleging various claims against Defendants under 42 U.S.C. § 1983 and Illinois state law. (*See generally*, Dkt. 1,

Complaint.) Plaintiff amended her Complaint twice and the parties briefed multiple motions to dismiss. The parties also engaged in extensive discovery and exchanged thousands of pages of documents, as well as audio and video recordings.

**SETTLEMENT**

8. Plaintiff and Defendant The County of McDonough have reached a settlement in principle.

9. Attached as Exhibit "D" is the proposed RELEASE AND SETTLEMENT AGREEMENT ("Release") between the Plaintiff and Defendant The County of McDonough ("County"). Plaintiff and the County have mutually agreed to the terms of this Release.

10. This settlement is between Plaintiff and the County only.

11. Plaintiff agrees to voluntarily dismiss the remaining Defendants—The McDonough County Sheriff's Office, Evan C. Schmalshof, and Nicholas B. Ruggio—from this action with prejudice and with each side bearing its own costs and attorney's fees.

12. This settlement is the result of a mediation conducted by Hon. John. P. Callahan Jr., retired Illinois Circuit Judge.

13. If approved by this Court as sought herein, the Settlement would terminate this litigation and result in dismissal of the matter with prejudice.

**ALLOCATION OF SETTLEMENT PROCEEDS AND DETERMINATION OF DEGREE OF DEPENDENCY**

14. Under the Illinois Wrongful Death Act the Court must determine "the percentage of dependency of each [beneficiary] upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." 740 ILCS 180/2(b).

15. Pursuant to 740 ILCS 180/2.1:

> "If a judgment is entered or the action is settled in favor of the special administrator, he or she shall distribute the proceeds as provided by law, except

> that if proceeds in excess of $5,000 are distributable to a minor or person under legal disability, the court shall allow disbursements and fees to the special administrator and his or her attorney and the balance shall be administered and distributed under the supervision of the probate division of the court if the circuit court has a probate division."

16. Under Illinois law, "dependency" includes loss of society (i.e., the mutual benefits derived from the relationship, such as love, affection, care, attention, companionship, comfort, guidance, and protection). *In re Estate of Wiese*, 178 Ill. App. 3d at 941; *Adams v. Turner*, 198 Ill. App. 3d 353, 356 (5th Dist. 1990).

17. Here, the beneficiaries/heirs under the Wrongful Death Act are the three biological children of James F. Mellenthin.[1] Each of the biological children shared a close relationship with their father, James F. Mellenthin. The children would see their father daily. *See* Exhibit E. James attended sporting events and took the children to the zoo and museums. *Id.* Since James's passing, the children have expressed their love for their father in various ways. *Id.* H. Mellenthin designed a garden in memory of his father. *Id.* At school, J. Mellenthin did a school project for Father's Day for her "#1 Dad." *Id.* The children also continue to celebrate their father's birthday each year. *Id.* The children release ballons and lanterns to commemorate James's birthday. *Id.* Below is an example of the ballon K. Mellenthin made for her father (*id.*):

---

[1] *See* 755 ILCS 5/2-4(d)(1)(the minor children are the descendants and heirs of JAMES F. MELLENTHIN and thus are beneficiaries under the Wrongful Death Act).




18. The dependency of James Mellenthin's children is such that the Settlement proceeds, net attorneys' fees and expenses, should be distributed in *equal shares*.

19. The Settlement includes an annuity for each of the Minor Children. The County's insurer, Governmental Interinsurance Exchange, will fund the purchase of a structured settlement annuity to provide future periodic payments made according to the schedule attached as Exhibit F and here after referred as the "Periodic Payments."

20. Governmental Interinsurance Exchange shall assign the obligation for the Periodic Payments to MetLife Assignment Company, Inc. (the "Assignee"), within the meaning of IRC Section 130(c). Assignee shall be the sole obligor with respect to the Periodic Payments and Governmental Interinsurance Exchange shall be fully released, said release being final, irrevocable, and absolute. The Assignee shall fund the obligation for the Periodic Payments by purchasing an annuity contract from Metropolitan Tower Life Insurance Company (the "Annuity Issuer"), rated A+ by A.M. Best. Assignee shall be the sole owner of the annuity contract and retain all rights of ownership therein.

21. Any payments to be made after the death of each Payee shall be made to the Estate of said Payee or to such person or entity as shall be designated by Payee, upon attaining the age of

majority, in a written form acceptable to Assignee and delivered to Assignee.

22. The Periodic Payments cannot be accelerated, deferred, increased, decreased, anticipated, attached, or assigned in any manner. Any transaction in violation of this shall be void and invalid.

23. In addition to the Periodic Payments, the remaining net Settlement proceeds totaling $148,047.42 (the "Remaining Settlement Proceeds") should be allocated equally to the Minor Children under the supervision of the State Court as follows: H. Mellenthin ($49,813.29), K. Mellenthin ($49,813.29), and J. Mellenthin ($49,813.29).

24. All sums set forth herein, including those in Exhibit F, constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. [2]

**LIENS**

25. There are no outstanding liens.

**FEES AND EXPENSES**

26. Tammy Mellenthin, as administrator and personal representative of the Estate of James F. Mellenthin, retained the Law Firm of Spesia & Taylor to prosecute this matter pursuant to a contingent fee agreement.[3]

27. Pursuant to the contingent fee agreement, Plaintiff will pay attorney fees in the amount of one-third (33 1/3%) of the gross amount of settlement ($500,000.00).

28. The attorney fee agreement also provides for reimbursement to Spesia & Taylor for litigation expenses incurred in the prosecution of this case. These expenses, totaling $26,952.58,

---

[2] No evidence exists that the decedent, James F. Mellenthin, experienced conscious pain and suffering between the time of the collision and his death. In addition, there is no evidence of James Mellenthin's future lost wages.

[3] The fee agreement also included a provision that if attorney fees were awarded by the court or agreed to be paid by defendant as part of a Settlement, such sums would reduce the contingent fee. The attorney fees incurred to date exceed the amount of the 33 1/3% contingent fee.

include the Plaintiff's retention of liability experts including an accident reconstructionist who evaluated the collision, provided preliminary accident reconstruction opinions, and performed a site visit to inspect the vehicles and collect data for accident reconstruction. Plaintiff also retained a nationally renowned consulting expert on police pursuit policies.[4]

**ORDER APPROVING SETTLEMENT, PAYMENT OF ATTORNEYS' FEES AND LITIGATION EXPENSES, AND AUTHORIZING EXECUTION OF SETTLEMENT AGREEMENT**

29. The Affidavit of Plaintiff Tammy Mellenthin in support of this Motion is attached as Exhibit "E" and is incorporated herein by reference.

30. An Affidavit of Counsel for Plaintiff is also attached as Exhibit "G" and explains the settlement process, explains the attorneys' fees, and provides an itemized list of litigation expenses.

31. Based on all of the foregoing, Tammy Mellenthin, as administrator and personal representative of the Estate of James F. Mellenthin, requests that this Court approve the Settlement and authorize her to seek the State Court's approval of the Settlement and supervision/administration of the net Settlement proceeds.

32. Tammy Mellenthin also requests that upon the State Court's approval of the Settlement, this Court authorizes her to execute the Release attached hereto as Exhibit D, the terms of which have been fully negotiated by all parties herein.

33. Further, Tammy Mellenthin requests that upon the execution of the Release, attorneys' fees and litigation expenses be paid to Spesia & Taylor as follows:

| | |
|---|---|
| Attorney Fees | **$500,000.00** to Spesia & Taylor |
| Spesia & Taylor Litigation Expenses | **$26,952.58** to Spesia & Taylor |

[4] Included in the litigation expenses are $765.54 for the out-of-pocket expenses incurred by Tammy Mellenthin to attend the mediation in Chicago on June 22, 2026.

34. Further, Tammy Mellenthin also requests that this Court include in its Order that the Annuity payments to the Minor Children shall not be accelerated, deferred, increased, decreased, anticipated, attached or assigned in any manner by Tammy Mellenthin or any of the Minor Children; nor shall Tammy Mellenthin or any of the Minor Children, including any payee have the power to sell, mortgage, pledge, encumber, or anticipate the Periodic Payments or any part thereof, by assignment or otherwise, without approval and an Order of a court and a finding pursuant to 215 ILCS 153/15 of the Structured Settlement Protection Act. [5]

35. Pursuant to the Settlement and Release, Plaintiff will dismiss this case *with prejudice* after approval of the Settlement by the State Court and payment of the Settlement by the County's insurer, Governmental Interinsurance Exchange, including funding of the annuities.

36. The Plaintiff and the County agree that the Settlement is fair, equitable, and serves the interests of justice.

37. None of the parties object to the relief requested herein.

WHEREFORE, the Plaintiff, Tammy Mellenthin, as the administrator and personal representative of the Estate of James F. Mellenthin, deceased, requests that this Court enter an Order (proposed Order attached as Exhibit "H") including the following:

1. Granting this Motion.

2. Authorizing Tammy Mellenthin, as administrator and personal representative of the Estate of James F. Mellenthin, to execute the RELEASE AND SETTLEMENT AGREEMENT.

3. Finding that the degree of dependency of the Minor Children is such that the proceeds for the Wrongful Death Act claims shall be distributed in equal shares to the Minor Children.

---

[5] The Illinois General Assembly enacted provisions of the Structured Settlement Protection Act (215 ILCS 153/1 to 35) "to protect settlement recipients from the growing number of factoring companies using the allure of quick and easy money to induce settlement recipients to cash out their future payments at substantial discounts, depriving victims … of the long-term financial security the structured settlements were designed to provide." *Settlement Funding, LLC v. Brenston*, 2013 IL App (4th) 120869, ¶ 34.

4. Finding that the attorney fees and expenses, detailed below, are fair and reasonable and approving and ordering payment to the law firm of Spesia & Taylor totaling $526,952.58 which includes $500,000 (one-third of the Settlement) for attorneys' fees and litigation expenses in the amount of $26,952.58.

5. Directing Tammy Mellenthin to present this Court's Order approving the Settlement to the State Court in Case No. 23 PR 000228 for approval of the Settlement, distribution of proceeds, and an order relating to the supervision/administration of the Remaining Settlement Proceeds to the Minor Children.

6. Any further relief this Court deems just and proper.

DATED: August 11, 2026

Respectfully submitted,

Tammy Mellenthin, as Administrator
and Personal Representative of
the Estate of James F. Mellenthin,
Plaintiff

By: /s/ *Jacob E. Gancarczyk*
John M. Spesia #6216893
Jacob E. Gancarczyk #6309049
Michelle M. Kavanaugh #6346048
Spesia & Taylor
1415 Black Road
Joliet, Illinois 60435
Phone: (815) 726-4311
jspesia@spesia-taylor.com
jgancarczyk@spesia-taylor.com
mkavanaugh@spesia-taylor.com